UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Charles Glenn</u>

   v.                                                    Civil No. 11-cv-475-JD

<u>New Hampshire State Prison</u>
<u>Family Connections Center et al.</u>[1]

**O R D E R**

Before the court is Charles Glenn's complaint (doc. no. 1), filed pursuant to 42 U.S.C. § 1983, asserting that his federal constitutional and statutory rights were violated by the defendants during his incarceration at the New Hampshire Department of Corrections ("DOC"). Because Glenn is a prisoner, the complaint is subject to preliminary review, pursuant to 28 U.S.C. § 1915A and United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d).

---

[1] In addition to the New Hampshire State Prison ("NHSP") Family Connections Center ("FCC"), Glenn has named the following individuals as defendants to this action in their individual and official capacities: FCC Facilitator Kristina Toth, FCC Specialist Marry Kelly, FCC Administrator Lori Seog, New Hampshire Department of Corrections Acting Commissioner Christopher Kench, NHSP Warden Richard M. Gerry, NHSP Chaplain James Daly, and Northern New Hampshire Correctional Facility Warden Larry Blaisdell.

**Service**

As explained fully in a report and recommendation issued simultaneously with this order, the court finds that Glenn has stated plausible claims for relief, as against defendants James Daly, Richard Gerry, and Christopher Kench, in their individual capacities, with respect to his damages claims, and in their official capacities, with respect to his claims for injunctive relief, alleging violations of: the Free Exercise Clause; the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1(a) ("RLUIPA"); the Establishment Clause; and the Equal Protection Clause.[2]

The Clerk's office is directed to serve the New Hampshire Office of the Attorney General ("AG"), as provided in the Agreement on Acceptance of Service, electronic copies of the report and recommendation issued this date, this order, and the complaint (doc. no. 1). See LR 4.3(d)(2)(C). Within thirty days from receipt of these materials, the AG will submit an Acceptance of Service notice to the court specifying whether each defendant has authorized the AG to receive service on his or her behalf. When the AG files the Acceptance of Service, service will be deemed made on the last day of the thirty-day period.

---

[2]In the report and recommendation issued simultaneously with this order, the court recommended that all of the other claims and defendants in the complaint be dismissed from this action.

2

If any defendant does not authorize the AG to receive service on his or her behalf, or the AG declines to represent any defendant, the AG shall, within thirty days from receipt of the aforementioned materials, provide to the court the last known address of that defendant. In that event, the Clerk's office is instructed to complete and issue a summons for that defendant, using the last known address provided, and forward the summons, along with the above-listed documents, to the U.S. Marshal to complete service on the defendant in accordance with this Order and Fed. R. Civ. P. 4(c)(3).

Defendants are instructed to answer or otherwise plead within twenty days of service. See Fed. R. Civ. P. 12(a)(1)(A). Plaintiff is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the defendants by delivering or mailing the materials to the defendants or their attorney(s), pursuant to Fed. R. Civ. P. 5(b).

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

June 4, 2012

cc: Charles Glenn, pro se
LBM/jba